THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Albert Scruggs,       
Appellant.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-537
Submitted September 1, 2005  Filed October 3, 2005   

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM: Albert Scruggs appeals his conviction for assault with intent to commit criminal sexual conduct in the first degree.  Scruggs argues the trial court lacked subject matter jurisdiction because the indictment was materially amended after it was true-billed by the grand jury.  Upon remand by the court of appeals, the circuit court made a factual determination that the indictment had been re-presented in its amended form to the grand jury prior to Scruggs trial.[1]  We affirm pursuant to Rule 220(b)(2), SCACR and the following authorities: State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005) (holding that presentment of an indictment is not needed to confer subject matter jurisdiction, but an indictment is needed to give notice to the defendant of the charge against him); Evans v. State, 363 S.C. 495, 508, 611 S.E.2d 510, 517 (2005) (The primary purposes of an indictment are .  .  . to apprise [the defendant] of the elements of the offense and to allow [the defendant] to decide whether to plead guilty or stand trial, and to enable the circuit court to know what judgment to pronounce if the defendant is convicted.).
AFFIRMED. [2]
GOOLSBY, BEATTY, and SHORT, JJ., concur. 

[1] Appellant concedes in his supplemental final brief that there is no longer an issue regarding the indictment.
[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.